Julian SERRANO and Rosa
Serrano, Appellants,

v.

UNION PLANTERS BANK, N.A. and
Beverly Mitrisin, Trustee,
Appellees.

No. 08–03–00101–CV.

Court of Appeals of Texas,
El Paso.

Dec. 2, 2004.

Rehearing Overruled May 18, 2005.

Rosa Serrano, Santa Tererea, NM, for appellants.

Corey Haugland, James, Goldman & Haugland, P.C., El Paso, for appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN and McCLURE, CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's granting of a directed verdict rendered against Appellants after a trial to the court. For the reasons stated herein, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The brief filed by Appellants contains a convoluted and obscure recitation of the alleged facts and procedural history of this

case, therefore, it is difficult to determine the precise sequence of events leading to this dispute. Some facts, however are established by the appellate record. The current dispute arises out of a foreclosure action filed by Appellees regarding certain real property owned by Appellant Julian Serrano and in which Appellant Rosa Serrano claims an interest. Appellants filed a lawsuit seeking a declaratory judgment and temporary injunction related to a pending foreclosure of the property. During the pendency of this lawsuit, the Appellants filed numerous bankruptcies which were dismissed. The most recent bankruptcy case was filed by Appellant Julian Serrano in late 2000 under Chapter 13 of the Federal Bankruptcy Code. A trial was held before the Honorable Larry E. Kelly and the bankruptcy court prepared Findings of Facts and Conclusions of law related to the value of the unpaid principal and interest and arrearages on the property, including fees. Julian Serrano's bankruptcy case was ultimately dismissed for failure to make plan payments on November 26, 2001.

The property in question was sold pursuant to the Deed of Trust on February 5, 2002. Appellee Union Planter's Bank, N.A. obtained a judgment for possession of the property which was appealed to County Court at Law Number 7 by Appellants. In that case, Appellants raised all issues related to the property including wrongful acceleration, wrongful foreclosure, and the validity of the title to the property. A final judgment in that case was rendered granting possession to Appellees on July 17, 2002 Appellants appealed that case to this court in case number 08–02–00346–CV. This court dismissed that appeal as moot by judgment dated September 12, 2002.

Appellants then resumed prosecution of the underlying case filing their First Amended Petition on December 16, 2002 adding a claim for intentional infliction of emotional distress.

A non-jury trial of this case was conducted by the Court on January 30, 2003. After the Appellants presented their case-in-chief and rested, Appellees moved for a directed verdict which was granted. The trial court determined that Appellants did not present evidence establishing the elements of intentional infliction of emotional distress. A judgment was signed on January 31, 2003. Appellants appealed the judgment on February 28, 2003. Appellants did not request findings of fact or conclusions of law and none were filed.

Appellants, pro se, filed a poorly drafted and convoluted brief purporting to assert various points of error. The list of issues, numbering eighteen, and included at the beginning of the brief, are virtually incomprehensible and nonsensical and do not frame any issues for review by this court. In the body of the brief, at the beginning of Appellant's argument, Appellant includes a complaint that we will read as their sole issue on appeal. We read this point as complaining that there is no or insufficient evidence to support the trial court's non-finding of damages to Appellants based upon Appellee's intentional infliction of emotional distress.

## II. *Issue on Appeal*

In their sole issue, Appellants challenge the court's granting of the Appellees' motion for directed verdict. In a compound argument, issue number one attempts to complain of the granting of Appellees' motion for directed verdict for the reason that Appellants have suffered emotional distress, embarrassment, harassment, and humiliation as a matter of law. The subissues included in the brief do not adequately articulate an issue for review by this court nor do they cite to the record to

provide a factual basis in support of Appellants' argument. The issue does not articulate a complaint about the trial court's ruling other than stating that the trial court erred in entering judgment in favor of Appellees and that Appellants have suffered irreparable damage and intentional infliction of emotional distress.

In sum, the myriad issues listed as a series of questions and comments in the Appellants' brief appear to complain of the trial court's granting of Appellee's motion for directed verdict for the reason that Appellants believe that they should be able to pursue a claim against the Appellees for the tort of intentional infliction of emotional distress.

In the interest of attempting to address Appellants' challenge on appeal, we read this issue as a complaint that there is more than a scintilla of evidence to support a cause of action against the Appellees for the alleged injuries suffered by Appellants and caused by the foreclosure on the property by Appellees and that the trial court erred in granting the Appellees' motion for directed verdict as a matter of law.

### III. *Standard of Review*

A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. There are two separate "no evidence" claims. When the party having the burden of proof suffers an unfavorable finding,[1] the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *In re Estate of Livingston*, 999 S.W.2d 874, 876 (Tex.App.-

El Paso 1999, no pet.); *see Creative Manufacturing, Inc. v. Unik, Inc.*, 726 S.W.2d 207, 210 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.).

When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a matter of law, the appellant must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue. *In re Estate of Livingston*, 999 S.W.2d at 879; *Sterner v. Marathon Oil Company*, 767 S.W.2d 686, 690 (Tex.1989); *Kratz v. Exxon Corp.*, 890 S.W.2d 899, 902 (Tex.App.-El Paso 1994, no writ); *Chandler v. Chandler*, 842 S.W.2d 829, 832 (Tex.App.-El Paso 1992, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *In re Estate of Livingston*, 999 S.W.2d at 879; *Sterner*, 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *In re Estate of Livingston*, 999 S.W.2d at 879; *Sterner*, 767 S.W.2d at 690; *Kratz*, 890 S.W.2d at 902. Second, if there is no evidence to support the finding, then, the entire record must be examined to see if the contrary proposition is established as a matter of law. *In re Estate of Livingston*, 999 S.W.2d at 879; *Sterner*, 767 S.W.2d at 690; *Kratz*, 890 S.W.2d at 902. Only if the contrary position is conclusively established will the point of error be sustained. *In re Estate of Livingston*, 999 S.W.2d at 879; *Kratz*, 890 S.W.2d at 902; *Chandler*, 842 S.W.2d at 832.

In reviewing a factual sufficiency point of error, the appeals court must weigh all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996). Findings of fact may be overturned only if

---

1. This is sometimes referred to as a "failure    to find" or a "non-finding."

they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* In that event, the appeals court must state clearly why the finding is factually insufficient or so against the great weight and preponderance as to be manifestly unjust. *Id.*

An "insufficiency" point invokes a broader standard, requiring this court to consider all of the evidence and ascertain whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

▮ Legal and factual sufficiency of the evidence standards of review govern appeals of nonjury trials on the merits. *IKB Industries (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 445 (Tex.1997); *Chrysler Corp. v. Blackmon* 841 S.W.2d 844, 851 (Tex.1992); Hall, *Standards of Appellate Review in Civil Appeals,* 21 ST. MARY'S L.J. 865, 919–20 (1990). When a party appeals from a nonjury trial, it must complain of specific findings and conclusions of the trial court, because a general complaint against the trial court's judgment does not present a justiciable question. *Fiduciary Mortgage Co. v. City Nat'l Bank of Irving,* 762 S.W.2d 196, 204 (Tex.App.-Dallas 1988, writ denied). Accordingly, findings of fact and conclusions of law are mandatory for a party to file to avoid the onerous presumptions that apply in an appeal from a nonjury trial. When an appellant does not request or file findings and conclusions by the trial court, the appellate court presumes the trial court found all fact questions in support of its judgment, and the reviewing court must affirm that judgment on any legal theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

▮ If the appellant does not challenge the trial court's findings of fact, when filed, these facts are binding upon both the party and the appellate court. *Wade v. Anderson,* 602 S.W.2d 347, 349 (Tex.Civ.App.-Beaumont 1980, writ ref'd n.r.e.). Accordingly, it is incumbent for the appellant to attack the findings by appropriate legal and factual sufficiency points of error. *Lovejoy v. Lillie,* 569 S.W.2d 501, 504 (Tex.Civ.App.-Tyler 1978, writ ref'd n.r.e.). In an appeal of a nonjury trial, findings are specifically and meaningfully tied to appropriate standards of appellate review and are therefore truly beneficial to appellate review. *See Blackmon,* 841 S.W.2d at 853.

It would have been helpful for the court to have articulated its findings of facts and conclusions of law but because no findings of fact or conclusions of law were requested or filed in this case, we will presume that the trial court found all necessary facts to support the judgment.

A review of the record presented on appeal supports Appellee's contention that the record is completely devoid of any credible evidence to support a finding that Appellants have met their burden of proving Appellee's have committed the tort of intentional infliction of emotional distress. In fact the record does not contain more than a scintilla of evidence to support Appellants' position. The lack of evidence, therefore, supports the trial court's nonfinding and ruling in favor or Appellees.

▮ Further, because the issue is not properly briefed or argued, the point is not preserved for appeal. When a party fails to include any meaningful citation of authority or discussion of relevant facts to support its contention, "we will not perform an independent review of the record and applicable law to determine whether the error complained of occurred." *Happy Harbor Methodist Home, Inc. v. Cow-*

*ins,* 903 S.W.2d 884, 886 (Tex.App.-Houston [1st Dist.] 1995, no writ). Thus, we consider appellant's challenge regarding the court's granting of the motion for directed verdict to be waived. *See, e.g., Rendleman v. Clarke,* 909 S.W.2d 56, 59 (Tex.App.-Houston [14th Dist.] 1995, writ dism'd as moot).

For the reasons stated, we affirm the judgment of the trial court and overrule Appellants' sole issue on review.