**In the Matter of the EXPUNCTION OF J.A.**

**No. 08–05–00123–CV.**

Court of Appeals of Texas, El Paso.

Jan. 26, 2006.

Ralph E. Girvin, Asst. County Atty., El Paso, for Appellants.

Israel Parra, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

Appellants, El Paso County Attorney's Office, El Paso County Sheriff's Department, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, Consolidated Data Processing, Records Management and Archives, Director of West Texas Community Supervision and Corrections Department, Director of El Paso County Court Administration, and the Jail Magistrate appeal from an order expunging criminal records for the offense of insurance claim fraud of Appellee, Jonathan Alvarado. On appeal, the Appellants challenge the legal sufficiency of the evidence proving: (1) whether or not Appellee had been convicted of a felony within the five years preceding his arrest for the offense of insurance fraud as mandated by Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(C) (Vernon Supp.2005); and (2) whether the State's indictment was based on mistake, false information, or other similar reason indicating absence of probable cause pursuant to Tex.Code Crim. Proc. Ann. art 55.01(a)(2)(A)(ii) (Vernon Supp.2005).

## I. PROCEDURAL BACKGROUND

On January 25, 2005, Appellee filed a petition for expunction of all records pertaining to his arrest of May 12, 2002 for the offense of insurance claim fraud and for making a false report to a police officer. The charges for the offense of insurance claim fraud were dismissed on July 22, 2003. Similarly, the charges for the offense of false report to police officer were dismissed on November 12, 2003. In its answer to Appellee's petition for expunction, Appellants stated that the petitioner is entitled to the expunction of records relating to the offense of making a false report to a police officer, but not to the offense of insurance claim fraud.

On March 11, 2005, the trial court held a hearing on Appellee's petition for expunction of all records. At the outset, Appellants' counsel made it clear to the trial court its opposition was only to the expunction of the records for the felony offense of insurance fraud. Appellee was the only person who testified at trial. Appellee testified that he had filed a report to his insurance company representing that his vehicle had been stolen and that he was paid as a result of the claim by the insurance. His ex-girlfriend, Brenda Chavez,

was the individual that reported his fraudulent insurance claim to the police. Appellee indicated to the trial court that other than his arrest for the insurance claim, he had never been arrested. He indicated that he did not plead guilty to any of the offenses but that both were dismissed by the District Attorney. On cross-examination, Appellants' counsel asked him if it was his understanding that the dismissal of the insurance claim fraud was because Ms. Chavez did not appear for trial and he indicated to counsel that this was correct. He also testified that the offense of filing a false report was dismissed because of prosecutorial discretion. Certified copies of the dismissals from the District Clerk were introduced as Exhibits 1 and 2.

On March 11, 2005, the trial court signed an order granting Mr. Alvarado's request for expunction of records for the offense of insurance claim fraud and the offense of making a false report to police officer. Thereafter, the Appellants requested findings of fact and conclusions of law. The record does not contain the trial court's findings of fact and conclusions of law. Appellants timely filed their notice of appeal.

## II.  DISCUSSION

On appeal, the Appellants complain that the trial court abused its discretion when it granted Appellee's petition for expunction of records for the offense of insurance claim fraud because Appellee provided no evidence to fulfill the requirements under Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(C) and (a)(2)(A)(ii) (Vernon Supp.2005). Appellee has not filed a brief in this case.

### A.  Standard of Review

In a bench trial, a legal sufficiency challenge to the trial court's findings of fact is reviewable under the same standard that is applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994); *Elias v. Mr. Yamaha, Inc.,* 33 S.W.3d 54, 62 (Tex.App.-El Paso 2000, no pet.). In reviewing the legal sufficiency of the evidence, we consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the order of expunction, and we disregard all evidence and inferences to the contrary. *Houston Police Department v. Berkowitz,* 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Texas Department of Public Safety v. Woods,* 68 S.W.3d 179, 181 (Tex.App.-Houston [1st Dist.] 2002, no pet.). If more than a scintilla of evidence exists to support the questioned finding, the "no evidence" point fails. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965); *El Paso County Hosp. Dist. v. Gilbert,* 64 S.W.3d 200, 203 (Tex.App.-El Paso 2001, pet. denied). When the record discloses a complete absence of a vital fact, however, we must sustain the no evidence point. *Berkowitz,* 95 S.W.3d at 460; *Woods,* 68 S.W.3d at 181.

### B.  Article 55.01

The right to expunction is a statutory privilege. *Texas Department of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex.App.-Austin 2001, no pet.); *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1991, no writ). Under Article 55.01 of the Code of Criminal Procedure, a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person meets certain statutory requirements. Tex.Code Crim. Proc. art. 55.01(a) (Vernon Supp.2005). In a statutory cause of action, all provisions are mandatory and exclusive, and a person is enti-

tled to expunction only when all of the conditions have been met. *Wallace,* 63 S.W.3d at 806; *Harris County District Attorney's Office v. Burns,* 825 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1992, writ denied). A statutory expunction proceeding is civil rather than criminal in nature, and the burden of proving compliance with the statutory conditions rests with the petitioner. *Berkowitz,* 95 S.W.3d at 460; *Texas Department of Public Safety v. Katopodis,* 886 S.W.2d 455, 457 (Tex. App.-Houston [1st Dist.] 1994, no writ).

Article 55.01, in pertinent part, states that a person charged with a felony or misdemeanor is entitled to have their record expunged only if:

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(A)-(C) (Vernon Supp.2005).

■ On appeal, Appellants specifically allege that the Appellee failed to present any evidence showing that he had not been convicted of a felony in the five years preceding the date of the arrest as required by Tex.Code Crim. Proc. Ann. art. 55.01(a)(2)(C) (Vernon Supp.2005). Appellants contend that Appellee did not provide any such testimony as at best, his "responses to direct examination are confusing and misleading and do not provide sufficient evidence of a lack of a felony conviction in the five years preceding May 12, 2002." Appellants further argue that Appellee did not provide testimony as to the nature of his indictment and whether it was based upon mistake, false information or other similar reason indicating absence of probable cause at the time of the dismissal to believe Appellee committed the offense. Rather, his testimony focused on his arrest and not the indictment or the facts surrounding the dismissal of his indictment. We agree.

■ In reviewing the record, we find that Appellee failed to present any evidence that he had not been convicted of a felony in the five years preceding the arrest for insurance fraud. At the hearing, the only discussion regarding any prior arrests was the following exchange during direct examination:

Defense Counsel: And have you been arrested before? Have you been arrested?

Appellee: No, sir.

Defense Counsel: Well, you were arrested for an insurance claim?

Appellee:Oh, yes, sir.

Defense Counsel: And a false report took place; is that correct?

Appellee:Correct.

Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *See Kindred v. Con/Chem Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *See Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). This testimony alone at best is so weak and does no more than create a mere surmise or suspicion of fact.

■ With respect to Appellants' contention that Appellee failed to provide any evidence regarding whether the nature of his indictment was based upon mistake, false information or other similar reason indicating the absence of probable cause, the following exchange took place during cross-examination:

Appellants' Counsel:Now, your understanding of a dismissal of the insurance fraud claim or case is that it was dismissed because Brenda Chavez did not appear for trial?

Appellee: That's correct, sir.

This was the only reference made as to why the indictment was dismissed. The record indicates that no evidence was submitted to the trial court supporting the requirement under this section. After reviewing the record in the light most favorable to the order of expunction, we find that the evidence is legally insufficient to support the expunction. Finding that Appellee failed to meet his burden under Article 55.01(a)(2)(C) and (a)(2)(A)(ii), Appellants' sole issue on appeal is sustained.

Having sustained Appellants' sole issue on appeal, we reverse the trial court's order of expunction and render judgment denying Appellee's petition for expunction.