214 S.W.3d 43 (2006)
In the Matter of the Expunction of C.V.
No. 08-05-00243-CV.
Court of Appeals of Texas, El Paso.
August 31, 2006.
Jose R. Rodriguez, County Attorney, El Paso, for Appellant.
Carlos Carrasco, J. Perry Pinon, El Paso, for Appellee.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
On April 7, 2005, C.V. filed a petition for expunction of records pertaining to an arrest *44 on May 7, 2003 [sexual assault], an arrest on September 3, 2003 [driving under the influence], and an arrest on March 30, 2004 [driving under the influence]. The petition was subsequently amended to delete both DWI offenses so that the only arrest C.V. sought to expunge was the sexual assault.
C.V. alleged that he had not been charged with a felony in the five years preceding the sexual assault arrest and that the indictment was dismissed due to mistake or an absence of probable cause. The record reveals that charges for the sexual assault were dismissed after the complaining witness signed a non-prosecution statement. A prosecutor who worked on the case testified there were other issues that would have affected the credibility of the witness such that he felt it was not in the best interest of justice to proceed. Although he believed that there was sufficient evidence to proceed without the complainant, the court took the circumstances to mean that the case was dismissed because it was not as strong without the complaining witness and even so weak that C.V. might have been acquitted.
On appeal, the County of El Paso, El Paso County Sheriff's Department, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, CDP (Consolidated Data Processing), Records Management and Archives, Director of West Texas Community Supervision and Corrections Department (Probation), Director of El Paso County Court Administration and the Jail Magistrate contend that the trial court erred in granting the petition because C.V. did not meet his statutory burden. See TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(A)(ii)(Vernon Pamphlet 2005). For the reasons that follow, we agree.
The right to expunction is a statutory privilege. In re Expunction of J.A., 186 S.W.3d 592, 595 (Tex.App.-El Paso 2006, no pet.); Matter of Wilson, 932 S.W.2d 263, 265 (Tex.App.-El Paso 1996, no writ). Article 55.01 of the Code of Criminal Procedure gives persons the opportunity to have all records of an arrest expunged provided certain statutory requirements are met. TEX.CODE CRIM.PROC. ANN. art. 55.01(a); In re Expunction of J.A., 186 S.W.3d at 595; Matter of Wilson, 932 S.W.2d at 265-66. All provisions in a statutory cause of action are mandatory and exclusive, and all conditions must be met before a person is entitled to expunction. In re Expunction of J.A., 186 S.W.3d at 595-96; Texas Dept. of Public Safety v. Wallace, 63 S.W.3d 805, 806 (Tex. App.-Austin 2001, no pet.). A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. In re Expunction of J.A., 186 S.W.3d at 596; Houston Police Dept. v. Berkowitz, 95 S.W.3d 457, 460 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); Matter of Wilson, 932 S.W.2d at 266.
Article 55.01, in pertinent part, provides a person charged with a felony or misdemeanor is entitled to have their record expunged only if:
(2) each of the following conditions exist:
(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
(I) the limitations period expired before the date on which a petition for *45 expunction was filed under Article 55.02; or
(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and
(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.
TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)-(C).
Insufficient evidence cannot be the basis of an expunction. Barker v. State, 84 S.W.3d 409, 413 (Tex.App.-Fort Worth 2002, no pet.). In order for expunction to lie, the evidence must show that the decision to indict was based on erroneous facts. Id.; Matter of Wilson, 932 S.W.2d at 266. The lack of cooperation by a complainant or the unwillingness to prosecute goes to the insufficiency of the evidence to convict, and not to whether the presentment of the indictment was based upon mistake, false information, or other reason indicating lack of probable cause. See Barker, 84 S.W.3d at 413; see Texas Dept. of Public Safety v. Mendoza, 952 S.W.2d 560, 563 (Tex.App.-San Antonio 1997, no writ).
While C.V. testified that there was no evidence to support the indictment, the case was actually dismissed because the complainant chose not to prosecute. Because C.V. failed to meet all statutory requirements, we grant the Department's sole point. We reverse the trial court's order granting Appellant's expunction.