NUMBER 13-07-00406-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


THE STATE OF TEXAS, Appellant,


v.



CARLOS JAVIER ECHEVERRY, Appellee.

 


On appeal from the 24th District Court of Victoria County, Texas.


 


O P I N I O N


 

Before Chief Justice Valdez and Justices Garza and Benavides


Opinion by Justice Garza


 

 Appellant, the State of Texas, appeals from the trial court's granting of a petition for
expunction of records filed by appellee, Carlos Javier Echeverry. By six issues, the State
argues that the trial court erroneously granted Echeverry's petition. We reverse and render
judgment denying the expunction.


I. Factual and Procedural Background

 On April 19, 2007, Echeverry was charged by indictment with two counts of official
oppression, a misdemeanor. (1) See Tex. Penal Code Ann. § 39.03 (Vernon 2003). On May
23, 2007, after a jury trial, Echeverry was acquitted of all charges. The trial court signed
its judgment of acquittal on June 11, 2007. On June 14, 2007, Echeverry filed an
unverified amended petition for expunction and a notice of the expunction hearing. (2) The
notice provided that the expunction hearing would be conducted on June 15, 2007 at 1:30
p.m. The trial court conducted the expunction hearing on June 15, 2007, and it signed an
order granting expunction on the same day. The State timely filed its notice of appeal on
June 25, 2007. See Tex. R. App. P. 26.1. 

 On July 19, 2007, the State filed its request for findings of fact and conclusions of
law. The trial court denied the State's request on July 27, 2007, asserting that the State
had not timely filed its request in accordance with rule 296 of the rules of civil procedure. 
See Tex. R. Civ. P. 296 (providing that a request for findings of fact and conclusions of law
must be filed within twenty days after the judgment is signed). This appeal ensued.

II. Standard of Review


 A trial court's ruling on an expunction is reviewed under an abuse of discretion
standard. Heine v. Tex. Dep't of Pub. Safety, 92 S.W.3d 642, 646 (Tex. App.-Austin 2002,
pet. denied); see Tex. Dep't of Pub. Safety v. Morales, No. 13-07-00552-CV, 2008 Tex.
App. LEXIS 3898, at *5 (Tex. App.-Corpus Christi May 22, 2008, no pet.) (mem. op.). A
trial court abuses its discretion when it acts without reference to guiding rules and
principles or if its actions are arbitrary and unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).


III. Analysis


 By its first two issues, the State argues that Echeverry: (1) failed to establish his
right to expunction by a preponderance of the evidence; and (2) failed to refute the
exception to the right of expunction contained in article 55.01(c) of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 55.01(c) (Vernon 2006). Echeverry
contends that the expunction statutes are remedial in nature and are intended to be
construed liberally; therefore, because he was acquitted of all charges contained in the
indictment, he is entitled to expungement. Echeverry further asserts that the State failed
to prove that it is pursuing further criminal charges arising out of the criminal episode. 

a. Applicable Law

 To be entitled to an expunction, the petitioner has the burden of proving that all the
statutory requirements have been satisfied. In re Expunction of C.V., 214 S.W.3d 43, 44
(Tex. App.-El Paso 2006, no pet.); see Bargas v. State, 164 S.W.3d 763, 770 (Tex.
App.-Corpus Christi 2005, no pet.); see also Morales, 2008 Tex. App. LEXIS 3898, at *5. 
"The trial court must strictly comply with the statutory procedures for expunction, and it
commits reversible error when it fails to comply." Tex. Dep't of Pub. Safety v. Fredricks,
235 S.W.3d 275, 278 (Tex. App.-Corpus Christi 2007, no pet.). Article 55.01 of the Texas
Code of Criminal Procedure sets forth the rules that a trial court must apply in determining
a person's right to expunction. See Tex. Code Crim. Proc. Ann. art. 55.01. Specifically,
article 55.01(a) provides, in relevant part, that a person is entitled to expunction of an arrest
record if:

 (1) the person is tried for the offense for which the person was arrested and
is:

 

 (A) acquitted by the trial court, except as provided by Subsection (c)
of this section; or

 

 . . . .


 (2) each of the following conditions exist:


 (A) an indictment or information charging the person with commission
of a felony has not been presented against the person for an offense
arising out of the transaction for which the person was arrested for .
. . and:

 

 (i) the limitations period expired before the date on which a
petition for expunction was filed under Article 55.02;


 . . . .

 

 (c) A court may not order the expunction of records and files relating to an
arrest for an offense for which a person is subsequently acquitted, whether
by the trial court or the court of criminal appeals, if the offense for which the
person was acquitted arose out of a criminal episode, as defined by Section
3.01, Penal Code, and the person was convicted of or remains subject to
prosecution for at least one other offense occurring during the criminal
episode.[ (3)
]


Id. art. 55.01(a)(1)(A), (a)(2)(A)(i), (c). If a petitioner demonstrates that he has satisfied
each of the requirements under article 55.01 of the code of criminal procedure, the trial
court does not have any discretion to deny the request for an expunction; the court must
grant the request. Heine, 92 S.W.3d at 648 (citing Perdue v. Tex. Dep't of Pub. Safety, 32
S.W.3d 333, 335 (Tex. App.-San Antonio 2000, no pet.)).

 

 Moreover, article 55.02 provides the following:


 Sec. 1. At the request of the defendant and after notice to the state, the trial
court presiding over the case in which the defendant was acquitted, if the trial
court is a district court, or a district court in the county in which the trial court
is located shall enter an order of expunction for a person entitled to
expunction under article 55.01(a)(1)([A]) not later than the 30th day after the
date of acquittal. . . . The defendant shall provide to the district court all of
the information required in a petition for expunction under Section 2(b).

 

 . . . .

 

 Sec. 2.


 . . . .

 

 (b) The petition must be verified and shall include the following or an
explanation for why one or more of the following is not included . . . .


Tex. Code Crim. Proc. Ann. art. 55.02, §§ 1, 2(b) (Vernon Supp. 2007).

b. Discussion

 At the expunction hearing, Victoria County District Attorney Stephen B. Tyler
testified that his office was also investigating Echeverry for: 

 tampering with or fabricating physical evidence. That would be the
destruction of the videotape in his car. The abuse of official capacity. That
would be utilizing his car in a harassing manner or stopping a citizen with the
car and harassment for his use of the telephone in pursuing a woman not job
related.


Each of these possible charges stemmed from the same criminal episode occurring on or
about August 20, 2006. (4) Tyler later noted that the investigation was ongoing, but he did
not disclose precisely the current stage of the investigation. He merely stated that his
office may pursue further charges based on this criminal episode at any point during the
statutory period. (5) See id. art. 12.02 (Vernon 2005) ("An indictment of information for any
misdemeanor may be presented within two years from the date of the commission of the
offense, and not afterward."). Echeverry did not offer any evidence or testimony to rebut
the contentions made by Tyler.

 The trial court granted Echeverry's petition for expunction on June 15, 2007. At this
time, the two-year statute of limitations period for misdemeanors had not fully run. (6) 
Echeverry has not directed us to, nor are we aware of, any authority requiring the State to
clearly specify which other crimes associated with the criminal episode it intends to charge
him with during the limitations period. In fact, Echeverry bore the burden of proving his
entitlement to expunction under article 55.01. See id. art. 55.01(a)(1)(a); see also In re
Expunction of C.V., 214 S.W.3d at 44; Bargas, 164 S.W.3d at 770; Morales, 2008 Tex.
App. LEXIS 3898, at *5. Because he was subject to prosecution for at least one other
offense occurring during the criminal episode and because he failed to produce evidence
to the contrary, Echeverry was not eligible for expunction. See Tex. Code Crim. Proc.
Ann. art. 55.01(a)(1)(A), (c). 

 Echeverry, however, argues that article 55.02, section 1 provides that upon his
request for expunction and notice to the State, it was mandatory for the trial court to grant
his request because he was acquitted of all charges contained in the original indictment. 
We disagree. 

 Article 55.02, section 1 provides that the trial court "shall enter an order of
expunction for a person entitled to expunction under article 55.01(a)(1)([A]) not later than
the 30th day after the date of the acquittal." Id. art. 55.02, § 1 (emphasis added). Article
55.02, section 1 clearly references article 55.01(a)(1)(A), which, as we have already stated,
required Echeverry to prove that he was not subject to further prosecution for at least one
other offense arising out of the criminal episode. Id.; see id. art. 55.01(a)(1)(A), (c). 
Because Echeverry was still subject to prosecution for at least one other offense arising
out of the criminal episode at the time the trial court granted his petition for expunction,
Echeverry was not entitled to an expunction of records pursuant to article 55.02 of the code
of criminal procedure. See id. art. 55.02, § 1. 

 Therefore, based on the foregoing, we conclude that the trial court abused its
discretion in granting Echeverry's petition for expunction. See Fredricks, 235 S.W.3d at
278; Heine, 92 S.W.3d at 646. Accordingly, we sustain the State's first and second issues.

V. Conclusion


 Because we have sustained the State's first and second issues on appeal, we need
not address the State's remaining four issues. See Tex. R. App. P. 47.1. We reverse and
render judgment denying the expunction.


 

 

 DORI CONTRERAS GARZA, 

 Justice


Opinion delivered and filed 

this the 21st day of August, 2008.









 
1. The indictment alleged that Echeverry, an officer of the Victoria Police Department, intentionally
subjected Ann Soto to mistreatment and effectuated an unlawful traffic stop for the purpose of making sexual
advances. The indictment also provided that Echeverry, during the traffic stop, subjected Soto to sexual
harassment by touching her breast without her consent. The indictment alleged that the criminal episode
transpired on or about August 20, 2006.
2. Echeverry's original petition was not contained in the record.
3. Section 3.01 of the penal code provides that a "criminal episode" is:


 [T]he commission of two or more offenses, regardless of whether the harm is directed toward
or inflicted upon more than one person or item of property, under the following
circumstances:


 (1) the offenses are committed pursuant to the same transaction or pursuant to two
or more transactions that are connected or constitute a common scheme or plan; or


 (2) the offenses are the repeated commission of the same or similar offenses.


Tex. Penal Code Ann. § 3.01 (Vernon 2003).

4. The characterization of the events transpiring on or about August 20, 2006, as a criminal episode
is undisputed.
5. Tyler's testimony that Echeverry is still subject to prosecution for, among other things, tampering with
physical evidence is noteworthy. See id. § 37.09(a)(1) (Vernon Supp. 2007) (providing that "[a] person
commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . .
alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or
availability as evidence in the investigation or official proceeding"). The Texas Penal Code states that
tampering with physical evidence is a third degree felony. Id. § 37.09(c). Furthermore, the record reflects that
neither an indictment nor an information has been presented regarding this offense. Therefore, article
55.01(a)(2)(A)(i) would be applicable, which requires that the relevant statute of limitations expire before a trial
court may grant a petition for expunction pursuant to article 55.02. See Tex. Code Crim. Proc. Ann. §
55.01(a)(2)(A)(I) (Vernon 2006); id. art. 55.02 (Vernon Supp. 2007); see also State v. Beam, 226 S.W.3d 392,
395 (Tex. 2007) (approving of holdings by the Dallas Court of Appeals requiring "a party seeking expunction
to prove that the limitations period for the applicable offense--whether misdemeanor or felony--has expired
before filing the petition") (citing Collin County Crim. Dist. Attorney's Office v. Dobson, 167 S.W.3d 625, 627
(Tex. App.-Dallas 2005, no pet.); State v. Bhat, 127 S.W.3d 435, 436 (Tex. App.-Dallas 2004, no pet.)).
6. Because the criminal episode occurred on or about August 20, 2006, the limitations period for
charging Echeverry with an additional misdemeanor does not end until August 20, 2008. Moreover, the
generic statute of limitations period for felonies is three years from the date of the commission of the offense,
thus extending the limitations period to August 20, 2009. See Tex. Code Crim. Proc. Ann. art. 12.01(6)
(Vernon Supp. 2007).