**In the Matter of the Expunction
of E.R.W.**

No. 08–07–00067–CV.

Court of Appeals of Texas,
El Paso.

Oct. 23, 2008.

Law Number Three, this request should be made to the trial court upon remand.

Laurie K. English, 112th Dist. Atty., Fort Stockton, for Appellant.

Robert C. Owen, Austin, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

The State appeals the granting of a petition for expunction of a dismissed capital murder charge. We affirm.

On August 4, 1987, E.R.W. was convicted and sentenced to death for the capital murder of Elizabeth Belue, who died in a house fire. On December 12, 2001, E.R.W. filed his petition for relief under 28 U.S.C. Sec. 2254 in federal court. On August 4, 2004, E.R.W.'s petition for writ of habeas corpus was granted, and the State was ordered to re-try E.R.W. by November 18, 2004, or set him free. The District Attorney, Ori White, reviewed the case with his staff, and moved for the case to be dismissed and E.R.W. to be released. E.R.W. filed his petition for expunction of criminal records related to the capital murder conviction, and the petition was granted on November 30, 2006.

The State in its sole issue argues that E.R.W. introduced no evidence that the indictment was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal to believe the person committed the offense.

■ The right to expunction is a statutory privilege. *In re Expunction of C.V.*, 214 S.W.3d 43, 44 (Tex.App.-El Paso 2006, no pet.). The statute gives people the opportunity to have all records of an arrest expunged provided certain requirements are met. *Id.*; Tex.Code Crim.Proc.Ann. art. 55.01 (Vernon 2006). All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *In re C.V.*, 214 S.W.3d at 44. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* Article 55.01 provides, in pertinent part:

(a) A person who has been placed under a custodial or noncustodial arrest for

commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) each of the following conditions exist:

 (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

 (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

 (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

 (B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

 (C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2).

■ Both parties agree that the only question before this Court is whether evidence was presented that allowed the trial court to find the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.

■ When the trial court is the trier of fact, a legal sufficiency challenge to the trial court's findings of fact is reviewed under the same standard that is applied in reviewing evidence supporting a jury's answer. *In re Expunction of J.A.*, 186 S.W.3d 592, 595 (Tex.App.-El Paso 2006, no pet.). A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex.App.-El Paso 2004, pet. denied). When the party with the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." *Id.* When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *Serrano*, 162 S.W.3d at 579. A legal sufficiency or "no evidence" challenge will be sustained on appeal, if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evi-

dence establishes conclusively the opposite of the vital fact. *Carrasco v. Stewart,* 224 S.W.3d 363, 367 (Tex.App.-El Paso 2006, no pet.), *citing City of Keller v. Wilson,* 168 S.W.3d 802, 810 (Tex.2005).

 In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable juror could, and disregarding contrary evidence, if a reasonable juror could not. *City of Keller,* 168 S.W.3d at 807. We are to consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *Id.* at 822. However, if the evidence allows only one inference, the trier of fact may not disregard it. *Id.* When a "no evidence" point of error rests on the competency of the evidence, we may not disregard contrary evidence showing it to be incompetent. *Id.* at 812.

 Insufficient evidence cannot be the basis for an expunction. *In re C.V.,* 214 S.W.3d at 45. While the order granting the dismissal of the cause against E.R.W. was entitled "dismissal with prejudice due to insufficient evidence," E.R.W. presented evidence at the hearing on the petition for expunction showing that it was dismissed due to mistake and a lack of probable cause. The District Attorney testified that after reviewing all the evidence, probable cause no longer existed to support the capital murder charge. E.R.W. also introduced evidence from the expert reports reviewing the evidence for arson. The expert reports concluded that there was no evidence to support a charge of arson, and the factors relied upon initially have been proven to be incorrect by advances in the field of fire analysis. We find that E.R.W. presented evidence showing that the charges were dismissed because the presentment had been made due to mistake, false information, and a lack of probable cause, and as such met all the statutory requirements. Issue One is overruled

We affirm the trial court's order granting the expunction.