349 S.W.3d 76 (2010)
In the Matter of the Expunction of S.D.
No. 08-08-00180-CV.
Court of Appeals of Texas, El Paso.
November 17, 2010.
*77 Thomas S. Hughes, El Paso, TX, for Appellant.
Ralph E. Girvin, Assistant County Attorney, Alberto M. Avila, City Prosecutor's Office, El Paso, TX, for Appellees.
Before CHEW, C.J., McCLURE, and RIVERA, JJ.

*78 OPINION

DAVID WELLINGTON CHEW, Chief Justice.
This is an appeal from an order of expunction.
In April 2006, S.D. was charged by indictment with four counts of aggravated sexual assault of a child under fourteen years of age and one count of indecency with a child under seventeen years of age. All of the charges concerned the same complaining witness. The charges were dismissed, and S.D. filed a petition for expunction.
At the hearing on the petition, S.D. testified that he was a mentor to the complaining witness, who is his cousin. According to S.D., the complaining witness was in a juvenile probation facility for sexual offenders when he made the allegations. He stated that the complaining witness was "a very confused kid" whose parents were not stable or supportive. S.D. denied all of the allegations in the indictment. He also testified that he had never been convicted of a felony.
The indictment and the order dismissing the indictment were admitted into evidence at the hearing. The dismissal order, which was signed in November 2006, appears at the bottom of the State's preprinted form for a motion to dismiss and says that the case was dismissed for the reasons "above stated." The preprinted form has blanks for various reasons for dismissal, such as insufficient evidence, inability to locate witnesses, "Defendant was convicted in another case," "complaining witness has requested dismissal," and "case has been refiled." None of these blanks was checked; instead, the reason given for the dismissal was "prosecutor's discretion."
At the conclusion of the evidence, the County of El Paso argued that S.D. failed to prove that the indictment was based on a mistake or false information. Noting that she had "seen and heard [S.D.'s] demeanor," the trial judge disagreed with the County's position and concluded that expunction was warranted because the charges were based on a mistake or false information. She signed an order granting the petition, and this appeal followed.
The right to expunction is a statutory privilege. In re E.R.W., 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied). As such, all provisions of the statute are mandatory. Id. The person petitioning for expunction bears the burden of proving that the statutory requirements have been met. Id.
As relevant to this appeal, the expunction statute required S.D. to prove that the indictment was dismissed and either the limitations period has expired or the indictment was dismissed because it was based on "mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(Vernon Supp.2010). In addition, S.D. had to establish that he had not been convicted of a felony in the five years preceding the date of his arrest. Id. at art. 55.01(a)(2)(C). Finally, he had to prove that he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor." Id. at art. 55.01(a)(2)(B).
At the hearing, counsel and the court focused on whether the indictment was based on mistake or false information. On appeal, the County does not challenge the trial court's finding that this statutory requirement was satisfied; thus, we express no opinion on this issue. The County argues *79 in its sole issue that the trial court abused its discretion in granting the petition for expunction because there is no evidence that S.D. was not placed under community supervision. There is no direct evidence relating to this requirement and there was no discussion of it below.
We have previously stated that we review an order on a petition for expunction under an abuse of discretion standard. See In re M.R., 327 S.W.3d 306, 307 (Tex. App.-El Paso 2010, no pet. h.); In re D.R.R., 322 S.W.3d 771, 772-73 (Tex.App.-El Paso 2010, no pet. h.); In re S.S.A., 319 S.W.3d 796, 798 (Tex.App.-El Paso 2010, no pet.); In re Expunction of D.G., 310 S.W.3d 465, 466 (Tex.App.-El Paso 2010, no pet.); In re Expunction of Jones, 311 S.W.3d 502, 505 (Tex.App.-El Paso 2009, no pet.). But when an appellant has argued that there was a lack of evidence to support an order of expunction, we have sometimes applied the legal sufficiency standard of review without mentioning the abuse of discretion standard. See, e.g., In re E.R.W., 281 S.W.3d at 574; In re Expunction of A.R., 225 S.W.3d 643, 645 (Tex.App.-El Paso 2006, no pet.); In re Expunction of J.A., 186 S.W.3d 592, 595 (Tex.App.-El Paso 2006, no pet.); In re J.H., 224 S.W.3d 260, 261 (Tex.App.-El Paso 2005, no pet.); In re Expunction of Ramirez, 143 S.W.3d 856, 858 (Tex.App.-El Paso 2004, no pet.). In other cases, we have applied the abuse of discretion standard when the appellant argued that there was no evidence to support an expunction order. See, e.g., In re M.R., 2010 WL 3787787, at *3 ("Since there is no evidence to support M.R.'s expunction, and because M.R. did not meet her burden in showing how she is entitled to an expunction pursuant to . . . Article 55.01(a)(2)(A) . . . the trial court abused its discretion in ordering M.R.'s record expunged."). But see Heritage Res., Inc. v. Hill, 104 S.W.3d 612, 618 (Tex.App.-El Paso 2003, no pet.) (noting that this Court applies a two-pronged inquiry when reviewing for abuse of discretion and that traditional sufficiency review comes into play under the first prong). Other courts have cited both standards of review without attempting to explain their interplay. See, e.g., State v. Taylor, 266 S.W.3d 553, 555-56 (Tex.App.-Tyler 2008, pet. denied). But see Ex parte Harpole, No. 05-08-01513-CV, 2009 WL 4046043, at *2 (Tex.App.-Dallas Nov. 24, 2009, no pet.) (mem. op.)("We review a trial court's ruling on an expunction petition for an abuse of discretion. Under this standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error, but are factors in determining whether the trial court abused its discretion." [internal citation omitted]).
Our cases utilizing the abuse of discretion standard cite either Ex parte Guajardo, 70 S.W.3d 202, 204 (Tex.App.-San Antonio 2001, no pet.), or cases that themselves ultimately rely on Guajardo. See, e.g., In re M.R., 327 S.W.3d at 307 (citing cases). In Guajardo, the appellant argued that he was deprived of due process and equal protection when he was not allowed to participate in the expunction hearing. 70 S.W.3d at 204. Citing Ex parte Current, 877 S.W.2d 833, 836 (Tex.App.-Waco 1994, no writ), the court declared, "We review a trial court's ruling on a motion to expunge under an abuse of discretion standard." Ex parte Current, 877 S.W.2d at 836. Ex parte Current, however, did not hold that all orders regarding expungement are viewed for an abuse of discretion. The court noted that the expunction statute consists of two sections, which "are distinctly different." Ex parte Current, 877 S.W.2d at 836. The court explained:
Section (a) provides for an entitlement to the expunction of the criminal records. Once an applicant demonstrates *80 his eligibility under the provisions of this section, the court does not have the discretion to refuse to order the records expunged. Section (b), however, states that the court `may' expunge the records; thus, an applicant who meets the criteria of this section places the decision on the motion to expunge within the sound discretion of the trial court. Although the court is required to exercise that discretion once the applicant demonstrates that he comes under section (b), the court's decision is reviewable only under the abuse-of-discretion standard. [Internal citation omitted].
Id.
In this case, S.D. petitioned for expunction under Section (a), which provides that a person "is entitled to" expunction if the requirements of that section are met. TEX. CODE CRIM.PROC.ANN. art. 55.01(a). Accordingly, the abuse of discretion standard should not apply. See Ex parte Current, 877 S.W.2d at 836; cf. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex.1998) ("Statutes providing that a party . . . `is entitled to' attorney fees are not discretionary."). Because the County asserts that there is no evidence that S.D. was not placed on community supervision, we will apply the traditional legal sufficiency standard of review.
In performing a "no evidence" review when findings of fact and conclusions of law were not properly requested, we must affirm the trial court's decision if it can be upheld on any legal theory. Capellen v. Capellen, 888 S.W.2d 539, 542 (Tex. App.-El Paso 1994, writ denied).[1] We presume that the trial court made all necessary findings to support the judgment and we consider only the evidence that tends to support the implied findings, disregarding all evidence and inferences to the contrary. Id.; see also In re Expunction of J.A., 186 S.W.3d at 595. If there is more than a scintilla of evidence to support an implied finding, the no evidence challenge fails. In re Expunction of J.A., 186 S.W.3d at 595; Capellen, 888 S.W.2d at 542. But if the record discloses a complete absence of a vital fact, we must sustain the no evidence issue. In re Expunction of J.A., 186 S.W.3d at 595.
Although there is no affirmative evidence stating that S.D. was not placed under community supervision, a person's entitlement to expunction is not dependent on the use of "magic words." See Texas Dep't. of Pub. Safety v. J.H.J., 274 S.W.3d 803, 810-11 (Tex.App.-Houston [14th Dist] 2008, no pet.) (holding that right to seek expunction of arrest records "should not turn upon whether the trial court uses `magic words' in its discharge order"); Oryx Energy Co. v. Union Nat'l Bank of Texas, 895 S.W.2d 409, 417 (Tex.App.-San Antonio 1995, writ denied) ("Courts should not decide cases based on the inclusion or omission of `magic words.' Instead decisions should be based upon the facts as recited in the record as a whole.").
The expunction statute specifically refers to "community supervision under Article 42.12." TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(B). Article 42.12 prohibits a judge from imposingor a jury from recommendingregular community supervision for the offenses of indecency with a child, under Section 21.11(a)(1) of the Texas Penal Code, and aggravated sexual assault, under Section 22.021 of the Texas Penal Code, if the victim was under fourteen-years-old *81 when the offense was committed. TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 3g(a)(1)(C), (E), 4(d)(5), 6(a)(1), 8(a)(1)(Vernon Supp.2010). According to the indictment in this case, which the County introduced into evidence at the expunction hearing, the complaining witness was under fourteen-years-old at the time of the alleged offenses. Therefore, S.D. could not have been placed on regular community supervision.
Article 42.12 also provides for deferred adjudication community supervision. See id. at § 5. A defendant charged with an offense under Sections 21.11 or 22.021 of the Texas Penal Code is eligible for deferred adjudication. Id. at § 5(a). However, such a defendant's term of supervision must be at least five years. Id. At the expiration of this period, "the judge shall dismiss the proceedings against the defendant." Id. at § 5(c). Since S.D. was indicted in 2006, he could not have obtained a dismissal under Section 5(c) at the time of the 2008 expunction hearing. Yet the order of dismissal, which was also introduced into evidence by the County, shows that the case was dismissed in November 2006, a mere seven months after S.D. was indicted. Further, the dismissal was based on prosecutorial discretion, not on the fact that the term of community supervision had been completed. It is doubtful that a prosecutor has discretion to dismiss an indictment after an order of deferred adjudication has been entered. See TEX. CODE CRIM.PROC.ANN. art. 32.02 (Vernon 2006)(allowing a prosecutor to "dismiss a criminal action at any time" with the court's permission); Satterwhite v. State, 36 S.W.3d 145, 148 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that Article 32.02 cannot be construed to allow a prosecutor to dismiss a case after an order of regular community supervision has been entered).
We must affirm the trial court's decision if it is supported by any legal theory and by more than a scintilla of evidence. Capellen, 888 S.W.2d at 542. The law and evidence cited above adequately supports the trial court's decision. Accordingly, we overrule the County's sole issue and affirm the order of expunction.
NOTES
[1] The County filed a timely request for findings and conclusions, but its notice of past due findings and conclusions was not timely. See TEX.R.CIV.P. 296, 297. Therefore, it did not properly request findings and conclusions. See Thompson v. Thompson, 827 S.W.2d 563, 567 & n. 3 (Tex.App.-Corpus Christi 1992, writ denied).