342 S.W.3d 126 (2011)
In the Matter of the Expunction of R.R.
No. 08-09-00218-CV.
Court of Appeals of Texas, El Paso.
March 16, 2011.
*128 Kitty Schild, Naomi R. Gonzalez, Assistant County Attorneys, El Paso, TX, for Appellant.
Ruben P. Morales, El Paso, TX, for Appellee.
Before CHEW, C.J., McCLURE, and RIVERA, JJ.

OPINION
DAVID WELLINGTON CHEW, Chief Justice.
El Paso County (the "County") appeals an order of expunction in relation to an arrest for family violence assault. For the reasons set forth below, we affirm.
On April 15, 2009, R.R. filed a petition for expunction of records pertaining to an arrest for family violence assault. R.R. alleged that El Paso County District Attorney's Office dismissed the information presented against him, that he had been released from custody on this charge, that any charges against him arising out of the transaction for which he was arrested did not result in a final conviction and were no longer pending, that there was no court-ordered probation on this matter, and that he had not been convicted of a felony in the five years preceding the family violence assault arrest. In its answer, the County denied each and every single allegation in the petition and demanded strict proof thereof, and asserted the affirmative defense that the relevant statute of limitations did not expire prior to R.R.'s filing of the petition.
The trial court held a hearing on R.R.'s petition for expunction on June 25, 2009. At the conclusion of the hearing, the court determined that based on the evidence presented, "there [was] a mistake of fact and . . . there were problems with probable cause as a result of that. . . ." The court subsequently entered an order granting R.R.'s petition. The County filed its notice of appeal to appeal this order on July 15, 2009.
On appeal, the County raises a single issue in which it contends the trial court abused its discretion in granting R.R.'s petition. The County argues R.R. introduced no evidence that the indictment or information was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating an absence of probable cause at the time of the dismissal to believe the person committed the offense.
The right to expunction is a statutory privilege. In re E.R.W., 281 S.W.3d 572, 573 (Tex.App.-El Paso 2008, pet. denied); In re C.V., 214 S.W.3d 43, 44 (Tex. App.-El Paso 2006, no pet.). The statute *129 gives people the opportunity to have all records of an arrest expunged provided certain requirements are met. TEX.CODE CRIM.PROC.ANN. art. 55.01 (West Supp. 2010); In re E.R.W., 281 S.W.3d at 573; In re C.V., 214 S.W.3d at 44. All provisions in a statutory cause of action are mandatory and exclusive, and all conditions must be met before a person is entitled to expunction. In re E.R.W., 281 S.W.3d at 573; In re C.V., 214 S.W.3d at 44. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. In re E.R.W., 281 S.W.3d at 573; In re C.V., 214 S.W.3d at 44. Article 55.01 provides, in pertinent part:
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
. . .
(2) each of the following conditions exist:
(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and
(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.
TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2).
Both parties agree that the only question before this Court is whether evidence was presented that allowed the trial court to find the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.
When the trial court is the trier of fact, a legal sufficiency challenge to the trial court's findings of fact is reviewed under the same standard that is applied in reviewing evidence supporting a jury's answer. In re E.R.W., 281 S.W.3d at 574; In re Expunction of J.A., 186 S.W.3d 592, 595 (Tex.App.-El Paso 2006, no pet.). A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. In re E.R.W., 281 S.W.3d at 574; Serrano v. Union Planters Bank, N.A., 162 S.W.3d 576, 579 *130 (Tex.App.-El Paso 2004, pet. denied). When the party with the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." In re E.R.W., 281 S.W.3d at 574; Serrano, 162 S.W.3d at 579. When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." In re E.R.W., 281 S.W.3d at 574; Serrano, 162 S.W.3d at 579. A legal sufficiency or "no evidence" challenge will be sustained on appeal, if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. Carrasco v. Stewart, 224 S.W.3d 363, 367 (Tex.App.-El Paso 2006, no pet.), citing City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex.2005).
In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable juror could, and disregarding contrary evidence, if a reasonable juror could not. City of Keller, 168 S.W.3d at 807. We are to consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. City of Keller, 168 S.W.3d at 822. However, if the evidence allows only one inference, the trier of fact may not disregard it. Id. When a "no evidence" point of error rests on the competency of the evidence, we may not disregard contrary evidence showing it to be incompetent. Id. at 812.
Insufficient evidence cannot be the basis for an expunction. In re E.R.W., 281 S.W.3d at 575; In re C.V., 214 S.W.3d at 45. In order for expunction to lie, the evidence must show that the decision to indict was based on erroneous facts. In re C.V., 214 S.W.3d at 45. The lack of cooperation by a complainant or the unwillingness to prosecute goes to the insufficiency of the evidence to convict, and not to whether the presentment of the information was based upon mistake, false information, or other reason indicating lack of probable cause. Id.
At the hearing on R.R.'s petition for expunction in the instant case, R.R. testified he did not know why he was arrested for family assault violence. He testified that the district attorney's office in El Paso had a video of what happened the day of the assault incident, and when an image of the person who committed the offense was compared to R.R., the district attorney decided R.R. was not the assailant. According to R.R., the district attorney's office dismissed the case after viewing the video. The County then cross-examined R.R. and merely elicited his testimonies that he was not present at the scene of the crime, and that he did not know who the victim in the assault incident was. Based on the record, we conclude that R.R. presented evidence showing that the charges were dismissed because the presentment had been made due to mistake, false information, and a lack of probable cause, and as such met all the statutory requirements. Issue One is overruled
Having overruled the County's issue, we affirm the trial court's order.