**Robert C. FARONE, Appellant,**

v.

**BAG'N BAGGAGE, LTD. and Caribbean Marine, Inc., Appellees.**

No. 11-03-00049-CV.

Court of Appeals of Texas, Eastland.

April 21, 2005.

796

Brett Myers, Gregory Weiss, David, Goodman & Madole, Dallas, for appellant.

Michael Abcarian, Epstein Becker Green Wickliff & Hall, Jonni Walls, M. Brenk Johnson, Winstead, Sechrest & Minick, Dallas, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

JIM R. WRIGHT, Justice.

Bag'n Baggage, Ltd. and Caribbean Marine, Inc., appellees, successfully obtained a partial summary judgment in which the trial court held that Robert C. Farone could not recover from them in his suit for breach of an employment contract. The trial court also ruled that Farone was not entitled to recover upon his claims for breach of a stock option contract. The parties resolved other issues by agreement, and this judgment became final. We hold that the statute of frauds prohibits enforcement of any extension of the original employment agreement between the parties. We also hold that, in the absence of an express agreement extending or renewing the original two-year contract, the employment-at-will doctrine prevents recovery by Farone. Further, we hold that the alleged oral stock option agreement fails because it does not include essential terms. We affirm the judgment of the trial court.

In 1983, Caribbean Marine, Inc. (CMI), a corporation, purchased Bag'n Baggage. Bag'n Baggage was a closely held corporation at the time that CMI purchased it. On June 17, 1985, Bag'n Baggage, Inc. entered into an employment agreement with Farone whereby Farone was to serve as president of Bag'n Baggage. The employment agreement provided that it would expire after a term of 2 years beginning June 17, 1985, unless terminated earlier by Farone's death or disability or by his breach of the employment agreement as set forth in the agreement. The agreement did not contain language that addressed renewal of the agreement.

On the same date that Bag'n Baggage and Farone signed the employment agreement, they also signed an agreement granting stock options to Farone whereby Farone had the option to purchase 10 percent of the shares of Bag'n Baggage. The parties provided that the option would expire three years from the date of the agreement, unless exercised earlier. The agreement contained language that provided for expiration of the stock option agreement in the event that Farone ceased to be employed by Bag'n Baggage for any reason other than Farone's death or disability.

Farone exercised stock options equal to 5 percent of the outstanding shares of

Bag'n Baggage. Subsequently, CMI's board of directors voted to convert Bag'n Baggage into a partnership. Farone was a member of the board of directors of CMI at the time of the vote. CMI offered to exchange Farone's stock in Bag'n Baggage for CMI stock of equal value. Farone accepted that offer. Farone also accepted CMI's offer whereby Farone would be allowed to purchase a 1 percent limited partnership interest in the newly-formed Bag'n Baggage partnership. Farone paid $10,000 for a 1 percent interest in Bag'n Baggage, Ltd. Farone takes the position that he was concerned that he would lose his remaining stock options in Bag'n Baggage, Inc. if the conversion to a limited partnership took place. Farone also alleges that he was concerned that his 5 percent equity interest in Bag'n Baggage, Inc. would be diluted in the conversion to CMI stock. Farone claims that he related those fears to Bill Bowen, the president of CMI at the time. Farone maintains that Bowen told him that he would be compensated for the remaining stock options when Bag'n Baggage was sold or when Farone left the company. This alleged compensation agreement was not reduced to writing.

Bowen died in 1996. Patrick Sullivan replaced Bowen as president of CMI. Over a period of time, CMI's board, except for Farone, became dissatisfied with Farone's performance; and, in December 2000, they voted to discharge him. Sullivan informed Farone of the board's action on January 11, 2001.

Farone brought suit against Bag'n Baggage and CMI seeking, among other things, damages for breach of the employment contract and damages for breach of the alleged compensation contract pertaining to the stock options. Farone sought other relief in his lawsuit, but those claims have been settled by the parties and are not a part of this appeal.

Bag'n Baggage and CMI filed a motion for partial summary judgment; they state that the motion is filed under TEX. R.CIV.P. 166a(c) & 166a(i). However, the motion is couched primarily in Rule 166a(c) terminology, and we will decide the issues in this case in accordance with standards relating to Rule 166a(c).

The rules for reviewing a traditional summary judgment are well-established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference is indulged in favor of the non-movant, and any doubts must be resolved in favor of the non-movant. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985). Summary judgment is proper if the defendant disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim. *American Tobacco Company, Inc. v. Grinnell, supra; Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). When a trial court does not specify the grounds upon which a motion for summary judgment is granted, an appellate court will affirm the judgment if any of the theories advanced are meritorious. *Cincinnati Life Insurance Company v. Cates,* 927 S.W.2d 623 (Tex.1996).

Farone brings seven issues in this appeal. In Farone's first and second issues, he claims that the trial court erred in granting the motion for summary judgment because his contract satisfied the statute of frauds and because he was not

an employee-at-will. *See* TEX. BUS. & COM. CODE ANN. § 26.01(b)(6) (Vernon 2002).

In response, Bag'n Baggage and CMI claim that any continuation of the original employment agreement is not enforceable under the statute of frauds. They also contend that Farone was an employee-at-will at the time that he was terminated.

■■■ The employment-at-will doctrine, generally, absent a specific agreement otherwise, provides that an employer may terminate an employee for good cause, bad cause, or no cause at all. *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501 (Tex.1998). Employment-at-will status is presumed. *Montgomery County Hospital District v. Brown, supra* at 502. In order for an employee to avoid the effects of the employee-at-will doctrine, he must show that the employer unequivocally expressed its intent to be bound not to terminate the employment except under clearly specified circumstances or conditions. *Midland Judicial District Community Supervision and Corrections Department v. Jones*, 92 S.W.3d 486, 488 (Tex.2002).

The employment contract between the parties is a part of the summary judgment evidence. In Paragraphs 2 and 5 of the contract, the parties provided:

2. *Term of Employment.*

(a) Employment of Farone hereunder shall be effective on the date of this Agreement and shall continue in effect, subject to earlier termination pursuant to paragraph 2(b) hereof, for a term of 24 months from June 17, 1985.

(b) The foregoing notwithstanding, this Agreement shall terminate upon the earlier to occur of the following:

(i) the death or permanent disability of Farone; or

(ii) the breach of this Agreement by Farone as described in paragraph 5 hereof.

5. *Breach by Farone.*

(a) In the event Farone materially breaches this Agreement, Bag 'N Baggage may terminate this Agreement effective thirty (30) days after Company gives written notice of such termination to Farone, provided that Company shall pay to Farone all compensation accrued under this Agreement to the date of such termination.

(b) A material breach of this Agreement by Farone shall be deemed to have occurred upon the happening of any of the following:

(i) willful misconduct of Farone in the performance of Farone's duties, functions, and responsibilities;

(ii) failure of Farone to comply with any duty, function or responsibility herein undertaken by Farone;

(iii) conviction of Farone of any felony offense during the term of this Agreement;

(iv) resignation or voluntary retirement of Farone from employment; or

(v) any other conduct or failure to perform hereunder by Farone which the Board of Directors in good faith determines to be detrimental to Company.

TEX. BUS. & COM. CODE ANN. § 26.01(a) (Vernon 2002)(statute of frauds) contains the requirement that certain promises and agreements are not enforceable unless the promise or agreement, or a memorandum of the promise or agreement, is in writing and signed by the party to be charged with the promise or agreement or by someone who is lawfully authorized to sign for him. Section 26.01(b)(6) provides that agreements which are not to be performed within one year from the date of making the agreement are covered by Section 26.01(a).

■ The original term of Farone's employment agreement was for a period of two years. Although Farone continued to be employed as president of Bag'n Baggage after the initial two-year term, the parties did not enter into additional written employment contracts after the expiration of the initial two-year term. We must decide at the outset whether an employment contract which is originally subject to the statute of frauds can be renewed and extended by implication and enforced as originally written or does the statute of frauds prevent such an implied renewal and extension of contracts that originally could not have been performed within a period of one year.

■ Performance of an agreement must be possible within one year or the contract will fall within the provisions of the statute of frauds. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex.1991). Here, the contract provided that the agreement was for a period of two years unless terminated earlier by Farone's death or permanent disability or upon the occurrence of certain performance failures attributable to Farone as set forth in the agreement. While the original contract called for termination by death, disability, or performance failures, those events are methods of termination. Those events do not constitute performance of the contract; they constitute excusable nonperformance of the contract. *Montgomery County Hospital District v. Brown, supra* at 505 (citing *Collins v. Allied Pharmacy Management, Inc.,* 871 S.W.2d 929, 934 (Tex. App.-Houston [14th Dist.] 1994, no writ)). We hold that the original contract falls under the statute of frauds.

■ For purposes of this appeal, we will assume, without deciding, that Bag'n Baggage unequivocally expressed its intent to be bound not to terminate Farone's employment for an initial period of two years, except under clearly identified circumstances as set forth in Paragraph 5 of the agreement. *See Midland Judicial District Community Supervision and Corrections Department v. Jones, supra.* The question then becomes whether the agreement was continued by implication after the expiration of the initial two-year term. We hold that it was not because there were no successive agreements in writing as required by the Statute of Frauds. TEX. BUS. & COM. CODE ANN. § 26.01 (Vernon 2002).

All of the cases which have been cited to this court by Farone concern cases that do not fall within the statute of frauds and are held to be extended or renewed by implication. Farone cites the following distinguishable cases for the proposition that this case is not within the statute of frauds: *Fenno v. Jacobe,* 657 S.W.2d 844, 847 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.)(the original agreement was for a term of one year and the court there held that the contract was impliedly extended when the employee continued to work under the same circumstances); Thames v. Rotary Engineering Company, 315 S.W.2d 589, 591 (Tex.Civ.App.-El Paso 1958, writ ref'd n.r.e.)(lawsuit dealt with noncompetition agreements; case did not involve the statute of frauds; each monthly pay period constituted a monthly extension of the original agreement); *Montgomery County Hospital District v. Brown, supra* at 503 (case did not involve the statute of frauds; court held that alleged oral promises modifying employment-at-will were not definite enough to do so); *Hardison v. A.H. Belo Corp.,* 247 S.W.2d 167, 168–69 (Tex.Civ.App.-Dallas 1952, no writ)(involved oral contract to employ for as long as employer was satisfied; statute of frauds does not apply in "satisfaction" type contracts because contract could be performed within one year); *Stone v. Griffin Communications and Security Systems, Inc.,* 53 S.W.3d 687 (Tex.App.-Tyler 2001,

no pet'n)(if situation is actually an employment-at-will situation, then an employer can terminate at any time without cause; but, in "satisfaction" type contract, there must be a bona fide dissatisfaction or cause for discharge; statute of frauds not addressed); *Sadowski v. Dell Computer Corporation*, 268 F.Supp.2d 129, 135–36 (D.Conn.2003)(case involved stock options and maturity of those options upon disability; statute of frauds not addressed, but, court addressed good faith and reasonableness requirements when dealing with a "satisfaction" type employment contract). The agreement before us could be terminated for stated causes; but the original contract term for performance was for a period of two years, it was not for so long as the employer was satisfied. The contract in this case is not a "satisfaction" contract.

The original contract could not be performed within one year. Any implied renewal of the contract, therefore, could not be performed within one year. The statute of frauds requires that those agreements are not enforceable unless the promise or agreement, or a memorandum of the promise or agreement, is in writing and signed by the party to be charged with the promise or agreement or by someone who is lawfully authorized to sign for him. Section 26.01(b)(6).

Here, there may have been implied agreements to continue the original contract; but, without a further writing during each period of extension of the original two year agreement, any subsequent agreements are not enforceable. Because they are not enforceable, Farone was an employee-at-will. Because Farone was an employee-at-will, Bag'n Baggage could terminate him at will for good cause, bad cause, or no cause at all. *Midland Judicial District Community Supervision and Corrections Department v. Jones, supra.* Farone's first and second issues on appeal

are overruled. In view of our ruling on those two issues, we need not consider Farone's third issue on appeal. TEX. R.APP.P. 47.1.

■ Farone directs his fourth, fifth, and sixth issues on appeal to questions involving stock options for which Farone seeks compensation. At the time that Bag'n Baggage was converted from a corporation into a limited partnership, Farone held an unexercised option to purchase an additional five percent of the stock of Bag'n Baggage. Bowen had approached Farone in an attempt to obtain Farone's approval of the change to the limited partnership. Farone was to convert his Bag'n Baggage stock into stock of equal value in CMI, and, he was also to buy a one percent interest in the new limited partnership for $10,000. Those transactions happened. Being concerned about the dilution of the value of his Bag'n Baggage stock, Farone approached Bowen to discuss his unexercised options he held for an additional five percent of the stock of Bag'n Baggage. The summary judgment evidence shows that at that time Bowen stated merely that Farone would be "compensated" at the time that Bag'n Baggage was sold or at the time that Farone left the company. There were no other discussions about this "compensation."

Farone maintains that the statement to him that he would be "compensated" is enough to create an enforceable contract. Appellees maintain that the oral agreement is not specific enough to create a contract.

■ In general, a contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. *Fort Worth Independent School District v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex.2000). If an essential term is left open for negotiation in the future, there is no contract.

*T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex.1992). The terms of an oral contract must be definite, certain, and clear as to all essential terms; or the contract will fail for indefiniteness. *Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex. App.-Corpus Christi 2004, no pet'n). Although Texas courts favor validating contracts, courts may not create a contract where there is none. *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 766 (Tex.App.-El Paso 2004, no pet'n).

There is no contract between Farone and appellees. The only summary judgment evidence in this record is that Farone had a conversation with Bowen before Bowen died in which Bowen told Farone that he would be "compensated" for his unexercised stock options for Bag'n Baggage, Inc. stock. There is no summary judgment evidence of anything else relating to the "compensation" which Farone was to receive. Essential terms are missing: such as price; whether the method of payment would be in cash or in an equity interest; and if in an equity interest, the method of compilation of value; and whether the equity interest would come from CMI or Bag'n Baggage, Ltd. These are just some of the essential terms upon which there is no agreement. The contract is not definite, certain, and clear as to essential terms; and it fails for indefiniteness. *Meru v. Huerta, supra.* Farone's fourth and fifth issues on appeal are overruled. Because Farone's fourth and fifth issues on appeal are overruled, we need not consider his sixth issue on appeal. Rule 47.1.

In his seventh issue on appeal, Farone asserts that appellees failed to point out the elements to which there is no evidence. *See* Rule 166a(i). We specifically have not based our decision upon Rule 166a(i) and do not need to address this issue on appeal.

After reviewing the summary judgment evidence, taking as true all evidence favorable to Farone, indulging every reasonable inference in his favor, and resolving any doubts in his favor, we hold that the trial court did not err when it granted appellees' motion for summary judgment. The judgment of the trial court is affirmed.