EMILIO M. GARZA, Circuit Judge:
Nesco Inc. and Nesco Acceptance Corporation (collectively, “Nesco”) appeal the district court’s judgment affirming the bankruptcy court’s order voiding a warranty deed between Nesco and James and Ann Jay (“the Jays”) over a .85 acre tract of land. Nesco avers that the bankruptcy court erred by finding that the property in question was a business homestead.
I
The Jays acquired title to an .85 acre tract sometime in 1984 and have since used the land to operate a service station and convenience store. The Jays also acquired title to a neighboring 1.04 acre plot, which was used only intermittently for business. The Jays have never resided on either parcel of land. In November 1999 the Jays entered into negotiations with Nesco to finance improvements on the .85 acre property. Nesco told the Jays that it would provide financing only if the Jays agreed to convey the property to Nesco. The Jays testified before the bankruptcy court that Nesco agreed to build a new facility that it would then lease back to them. The resulting Retail Store Lease (“Lease”) was signed by the parties on December 15, 1999. The Lease provided, inter alia, that the term would begin on April 1, 2000, and run twenty years. The Lease also gave the Jays, as tenants, an option to repurchase both tracts at any time during the lease or upon its termination. The existing facilities were demolished in early January 2000, and on the 13th of that month, the Jays conveyed to Nesco title to the property by warranty deed. At the same time, the Jays conveyed by quitclaim deed the 1.04 acre tract to Saul Pullman, who then executed a warranty deed and conveyed the land to Nes- *325 CO.[1]
The new facilities were eventually completed, and the Jays opened the new service station. The Jays, however, never made any lease payments to Nesco as required under the terms of the lease. Nesco filed a forcible entry and detainer suit in state court to eject the Jays from the property. The Jays sought bankruptcy protection and removed the case to bankruptcy court.
The bankruptcy court held that the Jays owned a business homestead as defined under the Texas Constitution on the .85 acre tract. The court further held that the sale/leaseback arrangement was a “pretended sale” in violation of the Texas Constitution; that the deed to Nesco was void; that Nesco’s mortgage lien on the property was void; and that Nesco possessed an unsecured claim for money Nesco had paid the Jays as an investment in inventory and working capital, which the court considered to be a simple loan.[2] The district court affirmed the bankruptcy court’s decision in all respects.
II
Nesco raises three issues on appeal. First, Nesco contends that the bankruptcy and district courts erred in applying the business homestead requirements provided in the Texas Constitution prior to the 1999 amendment. Second, Nesco argues that the courts wrongly concluded that this was a “pretended sale” prohibited by the Texas Constitution. Finally, Nesco contests the courts’ determination that Line was not an innocent lienholder with rights to enforce the lien against the property.
We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court’s findings of fact and conclusions of law as applied by the district court. Carrieri v. Jobs.com Inc., 393 F.3d 508, 517 (5th Cir.2004). A bankruptcy court’s findings of fact are reviewed for clear error and its conclusions of law de novo. Id.
Prior to November 1999, a property owner could establish a business homestead under the Texas Constitution if the property in question was used “as a place to exercise the calling of business.” Tex. Const, of 1876, art. XVI, § 51. Property designated a homestead is granted certain protections, including exemption from forced sale for the payments of debts. This protection also voids all “pretended sales” of the homestead to avoid these constitutional restrictions. Tex. Const, art. XVI, § 50(a), (c). In November 1999, an amendment to the Constitution, approved by Texas voters, provided homestead protection only if the property “shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business.” Tex. Const, art. XVI, § 51. On January 1, 2000, a provision of the Texas Property Code went into effect that expressly applied the newly amended definition to “all homesteads in this state whenever created.” Tex. Prop. Code Ann. § 41.002(d) (Vernon 2000) (emphasis added).
Because the business dealings between the Jays and Nesco cross the operative *326 dates for the amendment and the statute, the relevant question for purposes of this appeal is which homestead definition applies. The district court determined that the amendment to the Texas Constitution was passed after the creation of the Jays’ homestead and thus did not affect their rights. Furthermore, under the district court’s reasoning, the retroactivity of the amendment triggered by the Texas Property Code on January 1, 2000 did not matter in this case because the rights had vested on December 15, when the parties signed the lease agreement. Nesco offers several reasons that the amended definition of a business homestead should apply, thus stripping the .85 acre tract of its homestead protection. Nesco argues that the amendment is expressly retroactive, that the relevant transaction took place after the amendment to the Constitution, and that it was improper for the bankruptcy court to find that the execution of the warranty deed in mid-January related back to the lease date in December.
There is no need to consider the retroactivity of the constitutional amendment or the application of the statute because we determine that it was improper for the district court to “relate back” the execution of the warranty deed in January 2000, to the signing of the lease agreement in December 1999. It is a well-settled principle of Texas law that a deed takes effect from the date of its delivery. James H. Tuttle v. Turner, Wilson & Co., 28 Tex. 759 (1866). “The presumption that a grantee will accept a deed because it is beneficial to him will never, it is said, be carried so far as to consider him as having actually accepted it.” Id. Where there has been a contract for sale, however, the deed can be said to “relate back” to the date of the contract, when the rights of the parties were fixed. Alexander v. Anderson, 207 S.W. 205, 208 (Tex.Civ.App.1918); see also Steed v. Crossland, 252 S.W.2d 784, 787 (Tex.Civ.App.—Beaumont 1952, writ ref d) (“If there be no question concerning relation back, it is held that a deed takes effect between the parties when it is delivered to the grantee.”).
Those cases concerning deeds which allow relation back, however, refer only to a contract of sale between the parties. See, e.g., Wilkerson v. Wilkerson, 992 S.W.2d 719, 722 (Tex.App.—Austin 1999, no pet.) (“When real property is acquired under a contract for deed or installment contract, the inception of title relates back to the time the contract was executed.”); Jenkins v. Chambers, 9 Tex. 167, 1852 WL 4043 at *23 (“A deed executed in pursuance of a previous contract relates back to the time of the contract and covers all intermediate acts.”); see 26A C.J.S. Deeds § 166 (discussing the relation-back doctrine and its application in limited circumstances, including antedating a deed, correcting a deed, and executing a deed pursuant to a contract for sale). Relation-back cases that do not deal with deeds similarly use the language of contract: “When parties enter into a con-trad the law presumes they intend the consequences of its performance. It follows that performance or implementation of the contractual provisions relate back to and are authorized at the time of execution of the contract.” Cain v. State, 882 S.W.2d 515, 518 (Tex.App.—Austin 1994, no writ) (quoting Curry Auto Leasing Inc. v. Byrd, 683 S.W.2d 109, 112 (Tex.App.— Dallas 1984, no writ)).
A lease does not constitute a contract of sale. The Lease between the Jays and Nesco did not trigger any duties for either party until April 1, 2000. The demolition of the buildings on the .85 acre tract did not begin until January 2000, and was not undertaken pursuant to any language in the Lease. The Jays deeded the land to Nesco on January 13, 2000, and it is improper to relate the date of the vest *327 ing of the rights back to December 1999. To expand the relation-back doctrine to include not only a contract for sale, but also all written instruments that allude to or reference a future transfer of property, would expand the principle so far as to undermine the clear rule regarding the execution of deeds.[3]
Because the deed was executed in January of 2000, the amended definition of a business homestead is controlling. Since the Jays have never lived on the .85 acre tract, the land does not meet the requirement of a business homestead and is thus not due the special protection granted homesteads by the Texas Constitution. There is no need to reach the additional arguments made by Nesco, as they are premised on a determination that the .85 acre tract was a homestead under the Texas Constitution. Because we do not so find, these other arguments need not be addressed.
Accordingly, the district court’s decision is REVERSED and REMANDED for proceedings not inconsistent with this opinion.

. The Jays contended that Pullman had acquired the tract through a wrongful foreclosure. The transaction was structured in this way to avoid any questions about title.

. Subsequent to their transactions with the Jays, Nesco obtained a loan from Bank One in exchange for a lien on the .85 acre property. Bank One sold its interest in the Nesco note to Line Acquisition One, LLC ("Line”). Line is also appealing the bankruptcy court's decision.

. The dissent urges that we should follow the bankruptcy court and relate the date of the sale back to December 1999 because of the existence of an oral or implied contract between the parties predating even the Lease agreement. Contrary to the dissent's assertion, the bankruptcy court did not make sufficient findings to support the existence of a legally binding oral contract between the parties. "[T]he terms of an oral contract must be definite, certain, and clear as to all essential terms.” Farone v. Bag’n Baggage, Ltd., 165 S.W.3d 795, 802 (Tex.App. — Eastland 2005, no pet.) (citing Meru y. Huerta, 136 S.W.3d 383, 390 (Tex.App. — Corpus Christi 2004, no pet.)). Even if there were a generalized prior agreement — as the bankruptcy court assumed must have existed prior to the parties' entering the Lease — it would not constitute a definite and clear contract for sale, with specific and determined terms. And to imply a contract in this situation would open all negotiations for the sale of land to the danger that a court could find a prior binding contract, thereby, in effect, negating the clear rules governing the sale of real property. Therefore, we need not reach the further question of whether such an oral or implied contract would trigger the relation-back doctrine.