COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| J. TODD SOUTHERN, INDEPENDENT EXECUTOR OF THE ESTATE OF RAUL "DUDE" CROUSE, DECEASED, | § § § | No. 08-09-00306-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th District Court |
| KURT E. GOETTING, SR., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2008-053) |

## O P I N I O N

In two issues, J. Todd Southern, Appellant and Executor, challenges the legal and factual sufficiency of the evidence to support both the jury's finding that Raul "Dude" Crouse, deceased, and Kurt E. Goetting, Sr., Appellee, entered into an enforceable contract for the offset of rent and the jury's award of rental-offset damages to Goetting. In his third issue, Southern complains that the trial court erred in refusing to award attorney's fees. We reverse.

## BACKGROUND

In 1996, pursuant to an oral agreement, Goetting sold to Crouse a one-half interest in a building and lot known as 1602 Olive in El Paso, Texas, for $150,000 with interest.[1] At trial, Goetting stated that Crouse paid him more than $170,000 and obtained a one-half interest in the property. Crouse operated a successful business from the property and paid one-half of the property taxes from 1996 to 2002. Although there is no dispute that Crouse fully paid for his one-half interest in the property, Goetting never executed a deed to any part of the property in Crouse's name.

---

[1] Although Goetting's attorney prepared a letter agreement, neither Goetting nor Crouse executed the letter agreement or any other document memorializing the terms of the oral agreement.

Thereafter, Goetting orally agreed to repurchase Crouse's one-half share of the property and paid Crouse $1,200 per month for several years. After Crouse died in May 2007, Goetting soon stopped making payments for the repurchase of the property and claimed that he owed nothing more for the repurchase.

Southern brought suit for specific performance of the conveyance of an equitable and legal one-half interest in the Olive property, sought conveyance of the property by deed or, alternatively, partition and sale of Crouse's one-half interest of the Olive property and delivery of the proceeds to Crouse's estate. Southern also sought a declaratory judgment acknowledging one-half interest in the Olive property. Southern pursued relief under other alternative theories including fraud, unjust enrichment, "money wrongfully obtained," and breach of agreement.[2] Southern also prayed for reasonable and necessary attorney fees.

At trial, Goetting admitted that he had paid Crouse $76,180 of the $150,000 repurchase amount for the property but had not paid the remaining balance of $73,820. Although not pleaded in his answer, Goetting asserted during trial that Crouse had agreed to pay rent during his occupancy of the property and, because Crouse had not done so during his purchase of the property, Crouse had agreed to offset the unpaid rent against Goetting's repurchase obligations. Goetting admitted that he did not make any rent calculations until after Crouse had died and said that he never discussed any rental figures or terms with Crouse. Before closing arguments, Southern presented witness testimony in support of his request to recover attorney fees.

The trial court granted Goetting's motion for directed verdict as to fraud but denied the

---

[2] Although Southern also pleaded promissory estoppel as an alternative basis of recovery, he withdrew that cause of action during trial.

motion on all other bases while withholding its ruling on Southern's declaratory judgment request. The jury found that Goetting failed to comply with the repurchase agreement and assessed damages of $73,820, the amount which remained unpaid under the repurchase agreement absent any alleged rent offset, in favor of Southern. However, in Question 3 of the verdict form, the jury also found that Crouse failed to comply with an agreement to pay rent for the Olive property, and in Question 4, the jury awarded Goetting damages for unpaid rent in the amount of $73,820.[3] In Question 7, despite having awarded damages to Southern, the jury refused to award Southern any attorney's fees for his services on behalf of Crouse's estate.

The trial court entered a take-nothing judgment, did not award attorney's fees, and denied both Southern's post-judgment motion to disregard the jury's findings, wherein he challenged the legal sufficiency of the jury's verdict on Questions 3, 4, 5, 6, and 7, and his motion for declaratory judgment. Southern's motion for new trial, which was overruled by operation of law, challenged the legal and factual sufficiency of the evidence to support the jury's findings on Questions 3 and 4, and alleged that because there was no evidence to support them, the jury's answers on Questions 5, 6, and 7 of the court's charge were against the overwhelming weight of the evidence and were manifestly unjust.

## DISCUSSION

Because Southern objected to the trial court's submission of Questions 3 and 4 to the jury upon the bases of both no evidence and legally insufficient evidence, raised his legal sufficiency

---

[3] Asserting that there was no evidence of any agreement by Crouse to pay rent during his purchase of the Olive property, that there was no evidence of any amount Crouse owed for rent, and that the amounts of rent provided by Goetting were legally insufficient, Southern objected to the submission of Questions 3 and 4 to the jury. The trial court overruled Southern's objections.

challenge in his motion to disregard the jury's answers, and challenged the legal and factual sufficiency of the evidence in his motion for new trial, we find his issues on appeal are properly preserved for our consideration. *Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991) (in a jury trial, a challenge to the legal sufficiency of the evidence is preserved for appeal by raising the specific complaint in: (1) a motion for instructed verdict; (2) a motion for judgment not withstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial); *accord* TEX. R. CIV. P. 301.

In Issue One, Southern contends that the jury's finding that Crouse and Goetting entered into an enforceable contract for the offset of rent is unsupported by legally and factually-sufficient evidence. In Issue Two, Southern contends that the jury's award of $73,820 to Goetting was not supported by legally and factually sufficient evidence. In his third issue, Southern asserts that he is entitled to recover his attorney's fees. We agree.

*Standard of Review*

When a party raises both no-evidence and legal-insufficiency issues on appeal, we should consider and rule upon the no-evidence issue first. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981); *Baker v. Peace*, 172 S.W.3d 82, 86-87 (Tex. App. – El Paso 2005, pet. denied). If we find some evidence exists to support the verdict, we then review the factual-sufficiency challenge. *Baker*, 172 S.W.3d at 87.

A "no evidence" or legal sufficiency issue is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex. App. – El Paso 2004, pet. denied). There are two separate "no

4

evidence" claims. In the first type of no-evidence claim, when a party having the burden of proof suffers an unfavorable finding, the issue challenging the legal sufficiency of the evidence should assert that the fact or issue was established as a "matter of law." *Id.* In the second type of no-evidence claim, when a party that is without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *Serrano*, 162 S.W.3d at 579. Because Southern did not bear the burden of proving a valid agreement to offset rent against Goetting's payments for the repurchase of the Olive property, his challenge is one of "no evidence to support the finding." *Serrano*, 162 S.W.3d at 579.

We will sustain a legal sufficiency or "no evidence" challenge on appeal if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *El Paso ISD v. Pabon*, 214 S.W.3d 37, 41 (Tex. App. – El Paso 2006, no pet.). We consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822. Even if the evidence is undisputed, it is the province of the trier of fact to draw from it whatever inferences it wishes, so long as more than one inference is possible. *Id.* at 821. However, if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.* at 822.

We are also mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* at 819. It is within the province of the trier of fact to resolve conflicting evidence. *Id.* at 820. In every circumstance in which a reasonable trier of fact

5

could resolve conflicting evidence either way, the reviewing court must presume it did so in favor of the prevailing party, and disregard the conflicting evidence in its sufficiency review. *Id.* at 821. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the trier of fact must be allowed to do so. *Id.* at 822. The ultimate test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id.* at 827. We cannot substitute our judgment for that of the trier of fact if the evidence falls within the zone of reasonable disagreement. *Id.* at 822. Thus, legal sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and must disregard contrary evidence unless reasonable jurors could not. *Id.* at 827.

However, the Supreme Court of Texas has identified some kinds of evidence that cannot be disregarded when reviewing a challenge to the legal sufficiency of the evidence. *Id.* at 811-12. For example, we cannot disregard contextual evidence in contract cases but, instead, review the entire contract. *Id.* at 811. Moreover, "when the circumstantial evidence of a vital fact is meager, . . . [we review] all the circumstantial evidence [] and competing inferences" rather than the favorable evidence alone. *Id.* at 814.

*Applicable Law*

A party wishing to prove an enforceable contract must establish: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) execution and delivery of the contract with the intent that it be mutual and binding; and (5) consideration supporting the contract. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) (parties must have had a meeting of the minds and communicated their consent to the agreement); *see also Vermont Information Processing,*

*Inc. v. Montana Beverage Corp.*, 227 S.W.3d 846, 852 (Tex. App. – El Paso 2007, no pet.); *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App. – San Antonio 1999, pet. denied).  The terms of an oral contract must be definite, certain, and clear as to all essential terms and, if they are not, the oral contract fails for indefiniteness.  *Farone v. Bag'n Baggage, Ltd.,* 165 S.W.3d 795, 802 (Tex. App. – Eastland 2005, no pet.); *Meru v. Huerta*, 136 S.W.3d 383, 390 (Tex. App. – Corpus Christi 2004, no pet.); *Gannon v. Baker*, 830 S.W.2d 706, 709 (Tex. App. – Houston [1st Dist.] 1992, writ denied).  A contract is not legally binding unless its terms are sufficiently definite so that a court can understand what the promisor undertook.  *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992); *Vermont Information Processing, Inc.*, 227 S.W.3d at 852.

Whether an agreement fails for indefiniteness is a question of law to be determined by the court.  *T.O. Stanley Boot Co., Inc.*, 847 S.W.2d at 222; *COC Servs., Ltd. v. CompUSA, Inc.,* 150 S.W.3d 654, 664 (Tex. App. – Dallas 2004, pet. denied). When an agreement is so indefinite as to make it impossible for a court to determine the legal obligations of the parties, the contract is not enforceable.  *Vermont Information Processing, Inc.*, 227 S.W.3d at 852; *Mann v. Trend Expl. Co.*, 934 S.W.2d 709, 713 (Tex. App. – El Paso 1996, writ denied).

While Texas courts favor validating transactions rather than voiding them, a court may not create a contract where none exists and generally may not add, alter, or eliminate essential terms. *Kelly v. Rio Grande Computerland Group*, 128 S.W.3d 759, 766 (Tex. App. – El Paso 2004, no pet.) (internal citations omitted).  Whether all essential terms have been included is a question of law. *See E. P. Towne Ctr. Partners v. Chopsticks, Inc.*, 242 S.W.3d 117, 122 (Tex. App. – El Paso 2007, no pet.).  A promise or term is an essential part of an agreement if, when contracting, the parties would reasonably regard it as a vitally important element of the bargain. *Domingo v. Mitchell*, 257 S.W.3d

7

34, 40-41 (Tex. App. – Amarillo 2008, pet. denied).

Citing this Court, the Texas Supreme Court has said that "an agreement to make a future contract is enforceable only if it is 'specific as to all essential terms, and no terms of the proposed agreement may be left to future negotiations.'" *Fort Worth ISD v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000), *citing Foster v. Wagner*, 343 S.W.2d 914, 920-21 (Tex. Civ. App. – El Paso 1961, writ ref'd n.r.e.). Agreements to enter into negotiations in the future are not enforceable because there is no way to determine the contract that would result from the negotiations. *Estate of Eberling v. Fair*, 546 S.W.2d 329, 334 (Tex. Civ. App. – Dallas 1976, writ ref'd n.r.e.). Thus, where an essential term of an agreement is open for negotiation in the future, no binding contract exists. *T.O. Stanley Boot Co., Inc.*, 847 S.W.2d at 221. Instead, an agreement which leaves material matters open for future adjustment and agreement that never occur is not binding upon the parties and merely constitutes an agreement to agree. *Fort Worth ISD*, 22 S.W.3d at 846. *See E. P. Towne Ctr. Partners*, 242 S.W.3d at 122 (whether all essential terms have been included is a question of law).

*Application*

We consider each contract separately to identify its material terms. *T.O. Stanley Boot Co.*, 847 S.W.2d at 221; *Vermont Information Processing, Inc.*, 227 S.W.3d at 852 (material terms of a contract are determined on an agreement-by-agreement basis). We have held a written lease agreement unenforceable because it failed to identify a term for the lease and likewise failed to provide dates for commencing and ending the lease. *Vermont Information Processing, Inc.*, 227 S.W.3d at 853. In *Farone v. Bag'n Baggage, Ltd*., 165 S.W.3d 795, 802 (Tex. App. – Eastland 2005, no pet.), the Eastland Court of Appeals determined that no contract existed between Farone and Bowen who, before his death, had allegedly informed Farone that Farone would be compensated

8

for unexercised stock options. Finding there was no evidence relating to the compensation which Farone was to receive and that the alleged contract was missing essential terms including price, method of payment, compilation of value, and the source of equity interest, the Court ruled that the contract lacked definite, certain, and clear essential terms and failed for its indefiniteness. *Id.*

Although the jury found that Crouse failed to comply with an agreement to pay rent and awarded to Goetting rental damages totaling $73,820, after a thorough review of the record, we conclude that no evidence was presented to prove the following essential terms of the purported agreement to pay rent: (1) the specific area or portion of the property that the parties agreed would be subject to rental; (2) the amount of rent Crouse agreed to pay; (3) the agreed-upon method for calculating the rental amount; (4) the frequency and manner for making rental payments; (5) the period or length of time for which rental payments would be made; and (6) the date on which Crouse, as owner of one-half interest in the property, would no longer be obligated to pay the agreed-upon rental amount. We find that reasonable parties would regard these terms to be vitally important elements of the rental bargain in this case, and that these essential elements were missing from the alleged agreement to pay rent. *Domingo*, 257 S.W.3d at 40-41; *see E.P. Towne Ctr. Partners*, 242 S.W.3d at 122.

Because the essential terms of the alleged rental agreement are indefinite, uncertain, and unclear, because the evidence reflects that no less than one of the essential terms of the alleged rental agreement was left open for negotiation in the future, and because there was no evidence of a meeting of the minds between Crouse and Goetting regarding the essential terms of the alleged rental agreement, we conclude as a matter of law that no binding contract to pay rent exists under these facts. *Farone,* 165 S.W.3d at 802*; T.O. Stanley Boot Co., Inc.*, 847 S.W.2d at 221; *Sonnichsen*, 221

S.W.3d at 635; *David J. Sacks, P.C.*, 266 S.W.3d at 450; *Vermont Information Processing, Inc.*, 227 S.W.3d at 852. The trial evidence does not meet the test of enabling reasonable and fair-minded people to reach the verdict which we review here. *City of Keller*, 168 S.W.3d at 827. Because there is a complete absence of a vital fact, here the absence of an enforceable and binding rental agreement, there could not have been an enforceable agreement to offset rent. We sustain Southern's first issue. *Id.* at 810; *El Paso ISD*, 214 S.W.3d at 41. Having sustained Issue One, we need not reach Southern's factual sufficiency challenge in Issue Two. *See Baker*, 172 S.W.3d at 87.

In Issue Three, Southern initially asked that we render judgment for attorney fees in the amount proved upon prevailing on any portion of his appeal. Goetting challenges Southern's posture, asserting that because the underlying suit involved multiple claims, Southern was required, but failed, to segregate his non-recoverable and recoverable fees. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991). Goetting, therefore, asserts that Southern is not conclusively entitled to an award of his attorney fees. In his reply, Southern now concedes that remand to the trial court for a new trial on attorney fees is appropriate.

A party may recover attorney fees only when permitted by statute, by a contract between the litigants, or under equity. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National. Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009) (recovery by statute or contract); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex. 1974) (recovery under equity). Recovery of attorney fees in breach-of-contract cases is authorized in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008). Because Southern has conceded that a new trial on attorney fees is proper, we sustain Issue Three and remand for a new trial on attorney fees. TEX. R. APP. P. 43.3(a); TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2008); *Stewart Title Guar. Co.*, 822 S.W.2d at 11.

**CONCLUSION**

Having sustained Issue One, the trial court's take-nothing judgment is reversed and judgment is rendered awarding Southern, as executor for the estate of Raul "Dude" Crouse, damages in the sum of $73,820. Having sustained Issue Three, we reverse the trial court's judgment as to attorney fees and remand for further proceedings. Also pending before the Court is Goetting's Motion to Dismiss Frivolous Appeal. The motion is denied.


                                        GUADALUPE RIVERA, Justice

November 9, 2011

Before McClure, C.J., Rivera, J., and DeHart, Judge
DeHart, Judge, sitting by assignment

11