**Motion for Rehearing Granted in Part and Denied in Part; Affirmed in Part and Reversed and Remanded in Part; Opinion and Concurring Opinions filed October 16, 2012 Withdrawn, and Substitute Opinion and Substitute Concurring Opinions filed December 28, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-00604-CV

### 2001 TRINITY FUND, LLC, Appellant

### V.

### CARRIZO OIL & GAS, INC., Appellee

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2008-05053

## S U B S T I T U T E   C O N C U R R I N G   O P I N I O N

I agree with the disposition of all issues in Justice Frost's Opinion and with the analysis contained therein regarding attorney's fees, the appropriate appellate judgment, and the quantum meruit and promissory estoppel causes of action.[1]

---

[1] All three justices agree as to the judgment in this case. The opinion authored by Justice

However, as explained more fully below, I believe that the analysis in the opinion goes too far regarding the breach-of-contract cause of action. Consequently, as to section IV.A. of Judge Frost's Opinion, I concur in the judgment only and offer this concurring opinion.

In its second and third issues, Trinity contends, respectively, that the trial erred in submitting the breach-of-contract cause of action to the jury and that the evidence is legally insufficient to support the jury's findings. The heart of Trinity's challenge goes to whether a new agreement was formed after the Participation Agreement terminated under its own terms. Whether a meeting of the minds occurred in a particular case, and thus a contract was formed, is usually a matter for the jury. *Foreca, S.A. v. GRD Dev. Co.*, 758 S.W.2d 744, 746 (Tex. 1988); *WTG Gas Processing, L.P. v. ConocoPhillips Co.*, 309 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). However, the issue may be determined as a matter of law under certain circumstances. *WTG Gas*, 309 S.W.3d at 643. For a contract to be legally binding, it "must be sufficiently definite in its terms so that a court can understand what the promisor undertook." *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The material terms of the contract must be agreed upon before it can be enforced. *Id*. When an agreement leaves essential terms open for future negotiation, it is not binding upon the parties and merely constitutes an agreement to agree. *Fort Worth I.S.D. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). Exactly which terms are considered material or essential for a particular contract is determined on a case-

---

Frost is the unanimous opinion of the court as to section IV.B. (addressing issues pertaining to the quantum meruit claim), section IV.C. (addressing issues pertaining to the promissory estoppel claim), section IV.D. (addressing attorney's fees), and section IV.E. (addressing the appropriate appellate judgment). Judge Frost's analysis of the breach-of-contract issues, however, is entitled to no greater weight than that contained in the two concurring opinions on these issues. I do not join Justice Seymore's concurring opinion because I do not believe it is necessary to address the issues on which he focuses in order to dispose of this case.

2

by-case basis. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 73–74 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

Although the exchange of emails between David Friedman, on behalf of Carrizo, and Rob Arrowood, on behalf of Trinity, exhibited a desire by each side to reach an agreement, at no place in the emails do Friedman and Arrowood agree as to when Trinity would have to make its payment for the first well. This term was deemed so important to the original Participation Agreement that the whole agreement automatically terminated when Trinity failed to make the payment by the deadline. It also appears that the date of the first payment was still of paramount importance to Carrizo, in the negotiations for the new or amended agreement, as Friedman repeatedly pressed Arrowood for a date by which Trinity would make that payment. "We need a definitive payment date now," Friedman declared near the end of the email exchanges. Instead of providing that date, Arrowood consistently explained why he couldn't give a precise date, stating he had to wait for the execution of documents with investors among other things.

Additional evidence the parties never reached a meeting of the minds comes from the fact they later exchanged and rejected "drafts" of an amended agreement and the fact Carrizo sent several demands for payment by particular dates, warning that such payment was required to "keep this agreement alive." Although the parties appeared to agree that they wanted to amend the original participation agreement and perhaps they "agreed in principle" (or "agreed to agree," *see Fort Worth I.S.D.*, 22 S.W.3d at 846) it is clear that at least one material and essential term was never agreed upon. Because there is no evidence that the parties ever agreed to this essential term, no contract was formed and the trial court erred in submitting the issue to the jury. *See, e.g., Southern v. Goetting*, 353 S.W.3d 295, 301 (Tex. App.—El Paso 2011, pet. denied) (finding no binding contract was

3

formed as a matter of law because essential terms regarding rental payments were left "indefinite, uncertain, and unclear"); *Oakrock Exploration Co. v. Killam*, 87 S.W.3d 685, 690-91 (Tex. App.—San Antonio 2002, pet. denied) (holding failure of letters to include essential terms for oil and gas lease, including drilling commencement dates and time for payment in lieu of drilling, meant no enforceable contract had been formed as a matter of law).

I do not believe that any additional analysis needed to be undertaken and do not join the additional analysis on this issue contained within Judge Frost's opinion. Accordingly, I respectfully concur.


/s/          Martha Hill Jamison
             Justice

Panel consists of Justices Frost, Seymore, and Jamison (Seymore, J., concurring) (Jamison, J., concurring).